IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/<br>    Appellee,<br><br>    vs.<br><br>FIORINDI CORTESI,<br><br>    Defendant/<br>    Appellant. | No. CR-F-08-272 OWW<br><br>MEMORANDUM DECISION<br>AFFIRMING CONVICTION AND<br>SENTENCE AND DENYING<br>COUNSEL'S MOTION TO WITHDRAW<br>AS MOOT |

Appellant Fiorindi Cortesi was convicted by court trial before United States Magistrate Judge William Wunderlich of interference with agency function in violation of 36 C.F.R. 2.32(a)(1).[1]  Appellant was sentenced on August 4, 2008 to a

---

[1] 36 C.F.R. § 2.32(a)(1) provides that the following is prohibited:

> (1) Interference.  Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in

1

1  $120.00 fine, with $30.00 of the fine deducted for one day served
2  in custody and the remaining $90.00 of the fine to be paid by
3  completing ten hours of community service, and a $10.00 penalty
4  assessment.
5      Appellant timely filed a notice of appeal to the District
6  Court on August 12, 2008.
7      Appellant, represented by Assistant Federal Defender Charles
8  Lee, has filed an opening brief pursuant to *Anders v. California*,
9  386 U.S. 738 (1967), which asserts that there are no meritorious
10 issues on appeal and requests that the appeal be dismissed.
11     Under *Anders*, an appointed defense counsel for an indigent
12 on direct appeal may inform the Court that all of the defendant's
13 grounds for appeal are frivolous and may more to withdraw as
14 counsel.  Defense counsel must first file a so-called *Anders*
15 brief "on behalf of the indigent defendant presenting the
16 strongest arguments in favor of [his or her] client supported by
17 citations to the record and to applicable legal authority."
18 *United States v. Griffy*, 895 F.2d 561, 563 (9th Cir.1990).  After
19 receiving an *Anders* brief, "the court - not counsel - then
20 proceeds, after a full examination of all the proceedings, to
21 decide whether the case is wholly frivolous."  *Anders*, 386 U.S.
22 at 744.  If the Court concludes that the appeal is frivolous, it
23 may grant counsel's motion to withdraw and dismiss the appeal.
24 "On the other hand, if it finds any of the legal points arguable

---

an official duty, or on account of the
performance of an official duty.

on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

The Court has reviewed the record in this action, including the transcript of the court trial.  The Court concludes from this review that there are no non-frivolous issues that may be argued on behalf of Appellant to attain reversal of his conviction or sentence.

    A.   <u>Factual Background</u>.

On October 16, 2007, at approximately 9:40 a.m., United States Park Ranger Michael Foster responded to the food court at Yosemite Lodge in Yosemite National Park due to information he had received regarding a disturbance by an employee.  Upon arrival, Ranger Foster spoke with a food court manager who informed Ranger Foster that there was a dispute regarding a Delaware North Corporation employee's purchase of a meal under the employee meal plan.  The dispute a 55 cent overage owed for the meal that was not covered by the employee meal plan.  This DNC employee, later identified as Appellant, was observed by Ranger Foster to confront DNC security officers in an aggressive manner.  Ranger Foster believed the situation to be escalating. Ranger Foster contacted Appellant and identified himself as a park ranger and a law enforcement officer with the National Park Service.  Ranger Foster asked Appellant for identification three times.  Appellant did not provide his name or identification. Ranger Foster explained to Appellant that he was investigating a

3

possible misappropriation of property and a possible disturbance and advised Appellant that he was being given a lawful order to identify himself.  Ranger Foster asked Appellant two more times to identify himself but Appellant did not comply.  After his fifth request to Appellant to provide his name or identification, Appellant was arrested and placed in handcuffs for disorderly conduct in violation of 36 C.F.R. § 2.34(a)(2), misappropriation in violation of 36 C.F.R. § 2.30(a)(2), and interference in violation of 36 C.F.R. § 2.32(a)(1).[2]  Ranger Foster then tried to take Appellant to his patrol car but Appellant would not move his feet.  A second Park Ranger arrived on the scene and then transported Appellant to the patrol car.

Appellant asserts that an argument could be made that he was under no lawful order to identify himself.

In *Hibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty.,* 542 U.S. 177 (2004), Hibel was arrested and convicted in a Nevada court for refusing to identify himself to a police officer during an investigative stop involving a reported assault. Nevada's "stop and identify" statute requires a person detained by an officer under suspicious circumstances to identify himself:

> 1.  Any peace officer may detain any person whom the officer encounters under circumstances which reasonably indicate that the person has committed, is committing or is about to commit a crime.
>
> ...

---

[2] The charges of disorderly conduct and misappropriation were later dismissed.

4

> 3. The officer may detain the person pursuant to this section only to ascertain his identity and the suspicious circumstances surrounding his presence abroad. Any person so detained shall identify himself, but may not be compelled to answer any other inquiry of any peace officer.

The Supreme Court rejected Hibel's challenges that the officer's conduct violated his Fourth Amendment rights:

> Asking questions is an essential part of police investigations. In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment. '[I]nterrogation relating to one's identity does not, by itself, constitute a Fourth Amendment violation.' ....
>
> ...
>
> ... It is clear in this case that the request for identification was 'reasonably related in scope to the circumstances which justified' the stop ... The officer's request was a commonsense inquiry, not an effort to obtain an arrest for failure to identify after a *Terry* stop yielded insufficient evidence. The stop, the request, and the State's requirement of a response did not contravene the guarantees of the Fourth Amendment.

542 U.S. at 185, 189. The Supreme Court also rejected Hibel's argument that his conviction violated the Fifth Amendment right against self-incrimination:

> In this case petitioner's refusal to disclose his name was not based on any articulated real and appreciable fear that his name would be used to incriminate him, or that it 'would furnish a link in the chain of evidence needed to prosecute' him ... As best we can tell, petitioner refused to identify himself only because he thought his name was none of the officer's business. Even today, petitioner does not explain how the disclosure of his name could have been used

5

> against him in a criminal case. While we recognize petitioner's strong belief that he should not have to disclose his identity, the Fifth Amendment does not override the Nevada Legislature's judgment to the contrary absent a reasonable belief that the disclosure would tend to incriminate him.

542 U.S. at 190-191.

Here, Ranger Foster was investigating a disturbance at the food court involving a dispute about additional payment for a meal purchased with an employee meal plan card. The evidence is that Appellant was disruptive and aggressive toward the food court manager and other employees and that he owed additional money for the meal which he had not paid. Appellant was asked several times to identify himself and was warned that his failure to comply with Ranger Foster's order to provide his identity would result in his arrest. Appellant nonetheless refused to comply because he believed that Ranger Foster was a bad man who was crowding him and because he believed that compliance with his requests would be oppression. The record establishes that Appellant's repeated refusal to provide identification to Ranger Foster violated 36 C.F.R. § 2.32(a)(1), because it interfered with Ranger Foster's official duty of investigating the reported disturbance and misappropriation.[3]

For the reasons stated, Appellant's conviction and sentence

---

[3] Appellant suggests that the sentence imposed was unreasonable. However, Appellant has completed the ten hours of community service in lieu of payment of the remaining $90.00 of the $120.00 fine. Appeal on this ground is moot.

**are AFFIRMED and this appeal is DISMISSED.**[4]

IT IS SO ORDERED.

Dated:     November 21, 2008                /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[4]**Because of this conclusion, counsel's motion to withdraw is DENIED as moot.**